**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEARNS BANK, NATIONAL ASSOCIATION
4191 2nd Street S.
St. Cloud, Minnesota 56301

    Plaintiff,

vs.

KALAMAZOO TC HOLDINGS, LLC
1422 Clarkview Road
Baltimore, Maryland 21209

And

KENNETH R. ASSIRAN
1422 Clarkview Road
Baltimore, Maryland 21209

And

JOHN W. DWYER
1422 Clarkview Road
Baltimore, Maryland 21209

    Defendants.

Case No. _____
Hon.
Mag. Judge

## **COMPLAINT**

Now comes the Plaintiff, Stearns Bank, National Association, by and through counsel, and hereby states as follows for its Complaint against Defendants, Kalamazoo TC Holdings, LLC, Kenneth R. Assiran, and John W. Dwyer:

## COMMON ALLEGATIONS

1.      Plaintiff, Stearns Bank, National Association ("Plaintiff") is a bank national association organized and existing under the laws of The United States of America.  For purposes of diversity jurisdiction, the citizenship of a national banking association is determined by reference to both the bank association's principal place of business and the state listed in its organization certificate.  *Bank of Am., N.A. v. 600 Grp. Inc.*, 1:24-cv-142, 2024 U.S. Dist. LEXIS 141533, *2 (W.D. Mich. Feb. 13, 2024), citing *Wachovia Bank, N.A. v. Smith*, 546 U.S. 303 (2006).  The principal place of business of Plaintiff is 4191 2nd Street S., St. Cloud, Minnesota 56301.  The state listed in the organization certificate of Stearns Bank is Minnesota.  Thus, for diversity jurisdiction citizenship, Stearns Bank is a citizen only of the State of Minnesota.

2.      Defendant, Kalamazoo TC Holdings, LLC, is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 1422 Clarkview Road, Baltimore, Maryland 21209.

3.      Defendant, Kenneth R. Assiran, is a citizen of the Commonwealth of Pennsylvania.

4.      Defendant, John W. Dwyer, is a citizen of the State of Florida.

5.      Defendants, Kenneth R. Assiran and John W. Dwyer, are the members of Defendant Kalamazoo TC Holdings, LLC.  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Akno 1010 Mkt. St. St. Louis Missouri, LLC v. Pourtaghi*, 43 F.4th 624 (6th Cir. 2022). Thus, Defendant, Kalamazoo TC Holdings, LLC, is a citizen of Florida and Pennsylvania. No member of Kalamazoo TC Holdings, LLC is a citizen of the State of Minnesota.

6. Jurisdiction is proper in this Court as there is complete diversity of citizenship between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

7. Jurisdiction and venue are proper in this judicial district based upon a contractual forum selection clause described below.

## COUNT ONE
## ACTION ON LOAN AGREEMENT AND PROMISSORY NOTE

8. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully rewritten herein.

9. On or about July 30, 2021, Defendant, Kalamazoo TC Holdings, LLC, executed and delivered to Collier's Funding, LLC an Equity Gap Loan Agreement ("Agreement") pertaining to a "Project" defined as a facility located at 1430 Alamo Avenue, Kalamazoo, Michigan. A true and accurate copy of the Agreement is attached as EXHIBIT 1 and is incorporated by reference.

10. Section 7.11 of the Agreement provides that "Borrower hereby submits and consents to personal jurisdiction to the courts of the county in which the Project is located and the courts of The United States of America located in such state for the enforcement of this instrument and waives any and all personal rights under the laws of any state or The United States of America to object to jurisdiction in such courts."

11. As defined in Section 1.1 of the Agreement, the Project is in Kalamazoo, Michigan.

12. On or about July 30, 2021, Defendant, Kalamazoo TC Holdings, LLC, executed and delivered to Collier's Group, LLC, a Promissory Note in the original amount of

3

$4,000,000 ("Note"), together with interest accruing thereon. A true and accurate copy of the Note is attached as EXHIBIT 2 and is incorporated by reference.

13. The Agreement and Note constitute contracts.

14. Plaintiff is the owner and holder of said contracts and has performed all conditions precedent.

15. There has been a default under the covenants and conditions of said contract by reason of nonpayment, and the obligations have matured by their terms.

16. Defendant, Kalamazoo TC Holdings, LLC, has breached said contracts.

17. As a direct and proximate result of said breach of contract, Defendant, Kalamazoo TC Holdings, LLC, is indebted to Plaintiff in the amount of $4,000,000, accrued interest of $42,027.72 as of August 19, 2025, together with interest accruing thereafter at the default contract rate of $1,138.88 per diem, together with late charges, costs of collection, and other amounts that may become due under the terms of the contracts.

18. Pursuant to Section 11 of the Note, "Borrower agrees to pay to Lender, upon written notice from Lender, all actual, reasonable out-of-pocket costs, expenses, disbursements, escrow fees, title charges, appraisal fees, costs of environmental studies in legal fees and expenses incurred by Lender and its outside counsel in connection with: (a) the collection, attempted collection, or negotiation and documentation of any settlement or workout of any payment due hereunder, and (b) any suit or proceeding whatsoever in regard to this Note for the protection or enforcement of the lien of any instrument securing this Note …"

19.   Plaintiff has, and will continue, to incur costs of collection including, without limitation, reasonable attorney fees.

20.   Pursuant to the terms of the Agreement and Note, Defendant Kalamazoo TC Holdings, LLC is indebted to Plaintiff for the cost of collection including, without limitation, reasonable attorney's fees.

21.   Plaintiff is the owner and holder of the Agreement and Note as reflected in the Allonge attached to the Note dated August 13, 2025 from Collier's Funding, LLC to Plaintiff.

## COUNT TWO
## BREACH OF GUARANTY

22.   Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully rewritten herein.

23.   On or about July 30, 2021, Defendants, John W. Dwyer and Kenneth R. Assiran, executed and delivered to Collier's Funding, LLC a Guaranty ("Guaranty") under which they individually and unconditionally guaranteed all payment and performance obligations of Defendant, Kalamazoo TC Holdings, LLC.  A true and accurate copy of the Guaranty is attached as EXHIBIT 3 and is incorporated by reference.

24.   Plaintiff is the owner and holder of the Guaranty.

25.   As set forth above, Kalamazoo TC Holdings, LLC is in default of its obligations to Plaintiff under the Agreement and Note.

26.   As a direct and proximate result of said default, Defendants, John W. Dwyer and Kenneth R. Assiran, are indebted to Plaintiff for all sums owed to it by Defendant, Kalamazoo TC Holdings, LLC.

27. Defendants, John W. Dwyer and Kenneth R. Assiran, are indebted to Plaintiff in the amount of $4,000,000, accrued interest of $42,027.72 as of August 19, 2025, together with interest accruing thereafter at the default contract rate of $1,138.88 per diem, together with late charges, costs of collection, and other amounts that may become due under the terms of the contracts.

28. Pursuant to the terms of the Guaranty, Defendants, John W. Dwyer and Kenneth R. Assiran, agreed to reimburse Plaintiff for all costs of collection incurred in connection with the enforcement of its rights hereunder including, without limitation, Plaintiff's reasonable attorney fees and costs incurred herein.

29. Plaintiff is the owner and holder of an Omnibus Assignment of Loan Documents from Colliers Funding, LLC dated August 13, 2025, a true and accurate copy of which is attached as EXHIBIT 4 and is incorporated by reference, and is the real party in interest with respect to all claims herein.

WHEREFORE, Plaintiff, Stearns Bank, National Association, prays that this Court enter an Order:

A. Entering judgment in favor of Plaintiff against Defendants, Kalamazoo TC Holdings, LLC, John W. Dwyer, and Kenneth R. Assiran, jointly and severally, in the amount of $4,000,000, accrued interest of $42,027.72 as of August 19, 2025, together with interest accruing thereafter at the default contract rate of $1,138.88 per diem, together with late charges, costs of collection, and other amounts that may become due under the terms of the contracts.; and

B.     For such other relief, both legal and equitable, as may be appropriate.

Respectfully submitted,

/s/ Michael A. Galasso
Michael A. Galasso
Zachary D. Prendergast
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
T: (513) 721-3330 | F: (513) 721-5001
mgalasso@rkpt.com
zprendergast@rkpt.com
**Counsel for Plaintiff**

4913-1519-5232, v. 1